# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Employer/Appellant, | ) | |
| | ) | C.A. No. N17A-02-007 ALR |
| v. | ) | |
| | ) | |
| MARK DESANTIS, | ) | |
| | ) | |
| Employee/Appellee. | ) | |

Submitted: October 31, 2017
Decided: November 7, 2017

### *Upon Appellee's Motion for Reargument*
### DENIED

This matter is before the Court on Appellee Mark DeSantis's motion for reargument. Upon consideration of the facts, arguments and legal authorities set forth by all parties; decisional precedent; and the record of this case, the Court finds as follows:

1. By Opinion and Order dated October 17, 2017, this Court reversed and remanded a decision from the Industrial Accident Board ("Board") awarding compensation for injuries DeSantis sustained in an automobile accident while he was commuting home from work ("Board Decision"). The Court concluded that the Board committed legal error by relying on an exception to the "going and coming rule" to award compensation after finding that DeSantis was not paid for travel time

or mileage for his commute between home and work. As a result, the Court remanded the matter to the Board so that it could apply the correct legal standard.

2. DeSantis now seeks reargument, contending that the Court misapprehended the law and/or the facts in a way that would affect the outcome of the decision. Specifically, DeSantis argues that the Court failed to consider the State's overtime payment scheme and whether, pursuant to that scheme, DeSantis would have still been considered "on the clock" for some portion of his drive home.

3. The standard of review for a motion for reconsideration is well established. A motion for reargument under Superior Court Civil Rule 59(e) permits the Court to reconsider "its findings of fact, conclusions of law, or judgment."[1] To prevail on a motion for reargument, the moving party must demonstrate that "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[2] A motion for reconsideration is not an opportunity for a party to rehash arguments already decided by the Court or to present new arguments not previously raised.[3]

---

[1] *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969); *Miller v. New Castle Cty.*, 2016 WL 270531, at *1 (Del. Super. Jan. 21, 2016).
[2] *Lamourine v. Mazda Motor of Am., Inc.*, 2007 WL 3379048, at *1 (Del. Super. Sept. 24, 2007).
[3] *Id.*; *State v. Abel*, 2011 WL 5925284, at *1 (Del. Super. Nov. 28, 2011).

4.      The Court did not misapprehend the law in concluding that the Board committed legal error.  Under *Spellman v. Christiana Care Health Services*, the Board is required to first consider whether the terms of the employment agreement contemplate that the employee's travel time is compensable.[4]  If the terms of the employment agreement resolve the issue, the Board's inquiry ends.[5]  The Board may only consider the "going and coming rule" and any exceptions thereto if the terms of the employment agreement do not address whether an employee's travel time is compensable.[6]

5.      Here, the Board purported to follow *Spellman* by considering the terms of DeSantis's employment agreement, including the fact that DeSantis was not paid for travel time or mileage during his commute.  However, the Board then concluded that DeSantis's travel time was compensable by applying the "semi-fixed place of employment" exception to the "going and coming rule."  Under *Spellman*, the Board's inquiry should have ended after its finding that DeSantis was not compensated during travel time.  Therefore, the Board committed legal error by applying an exception to the "going and coming" rule to award compensation rather than ending its inquiry with the terms of the employment agreement.

---

[4] 74 A.3d 619, 623 (Del. 2013).
[5] *Id.*
[6] *Id.*

3

6. In addition, the Court did not misapprehend the facts in this case. DeSantis left the work site between 11:30 and 11:45 P.M. to drive home in his personal vehicle. The accident occurred at 12:03 A.M. Therefore, the Court correctly concluded that DeSantis was commuting home at the time of the accident.[7]

7. The Court rejects DeSantis' argument that the terms of the employment agreement are "vague and ambiguous" and that the parties should be able to develop more facts about the employment agreement on remand. This is the first time that DeSantis has raised the argument that the terms of the employment agreement are "vague and ambiguous" and a motion for reargument is "not an opportunity for a party … to present new arguments not previously raised."[8]

---

[7] The Court rejects DeSantis' argument that the Court failed to consider the State's overtime payment scheme and whether DeSantis was still "on the clock" when the accident occurred. The inquiry is whether the terms of DeSantis's employment agreement contemplate that he should be compensated for his time commuting to and from work, not whether DeSantis would technically have been considered "on the clock" for some portion of his drive home by virtue of the way that he entered his overtime hours. In addition, although DeSantis testified that he would have rounded up until midnight on his time card, the Board found that overtime hours were kept in 15 minute increments. Therefore, because DeSantis left the work site at 11:45 at the latest, he would only have been "on the clock" until 11:45, not midnight.

[8] *Abel*, 2011 WL 5925284, at *1.

8.      The Court did not misapprehend the law or the facts in its October 17, 2017 Opinion and Order.  Because the Board Decision was the product of legal error, this Court was required to remand for the Board to apply the correct legal standard.[9]

**NOW, THEREFORE, this 7th day of November, 2017, Appellee's Motion for Reargument is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

---

[9] *Estate of Fawcett v. Verizon Delaware, Inc.*, 2007 WL 2142849, at *5 (Del. Super. July 25, 2007) (citing *Future Ford Sales, Inc. v. Public Service Commission of the State of Delaware*, 654 A.2d 837, 846 (Del. 1995)).